IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILMARY SANTOS-SANTOS

Plaintiff

v.                                                                    CIVIL NO. 11-1072 (PAD)

PUERTO RICO POLICE DEPARTMENT
*et al.*

Defendants

MAGISTRATE JUDGE REPORT AND RECOMMENDATION

I. PROCEDURAL BACKGROUND

Plaintiff Wilmary Santos-Santos, a policewoman,  first filed a Complaint against defendants Reynaldo Torres-Centeno (Director of the Caguas Strike Force of the Police of Puerto Rico (PRPD)), Gregorio Merced-Vázquez (Director of the Police of Puerto Rico (PRPD) in the Caguas Region), William Ruiz-Borras (commander of the Caguas Criminal Investigation Corps Division (CIC)), Miguel A. Santiago-Rivera (Director of the Caguas Criminal Investigation Corps), the Commonwealth of Puerto Rico and the Puerto Rico Police Department on January 212, 2011 (Docket No. 1 at 5-6) alleging retaliatory and discriminatory actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 2000e-3(1); violations under 42 U.S.C. § 1983,  Conspiracy Claims under

CIVIL 11-1072 (PAD)                2

42 U.S.C. §§ 1985, 1988, violation of the Whistleblower Protection Act of 1989 (which is not applicable in this case,  see 5 U.S.C. § 2302, and violation of rights under the Fourth and Fourteenth Amendments of the United States Constitution (Docket No.1, pp. 1-2).  Supplemental claims were also included in the complaint. Defendants answered the complaint (Docket No. 11) and raised an affirmative defense that plaintiff had failed to state a claim upon which relief could be granted and that co-defendants had acted at all times according to law, in good faith and within the established framework of their authority and duties.  (Docket No. 11, p. 7, ¶¶ 1, 6).

Subsequently, defendants filed a Motion for Summary Judgment (Docket No. 25) for the court to dismiss the complaint because plaintiff lacked the factual grounds to support her claims (Docket No. 25, p. 1).  On August 9, 2012, the motion was partially granted in a painstakingly written order  (Docket No. 58), leaving only the Title VII and Act 115 allegations as the only surviving claims. The Title VII retaliation claims brought against individual defendants Gregorio Merced-Vázquez, Reynaldo Torres-Centeno, William Ruiz-Borrás and Miguel A. Santiago-Rivera in their personal capacities, and the Title 115 claims brought against William Ruiz-Borrás were eventually dismissed as well.  (Docket No. 83).

Following the court's instructions of August 9, 2012, Plaintiff filed a Response in Opposition to the Motion for Summary Judgment on August 27, 2012,  related

CIVIL 11-1072 (PAD)                    3

to the claims under Title VII and Act 115 (Docket No. 68) stating that defendants' had not met their burdens for the court to grant a summary judgment in their favor (Docket No. 68, pp. 23-24) since there was existing issue regarding the reasons given by defendants for plaintiff's transfer (Docket No. 69, pp. 2-13).

On May 6, 2014, the court authorized the defendants to file a Second Motion for Summary Judgment based on the new authority of <u>Univ. of Tex. Sw. Med. Ctr. v. Nassar</u>, 133 S. Ct. 2517 (2013).

On June 9, 2014, defendants filed a Second Motion for Summary Judgment (Docket No. 133), based upon the Supreme Court's decision in <u>Univ. of Tex. Sw. Med. Ctr. v. Nassar</u>, 133 S. Ct. 2517, which provides that the "but-for" causation standard must be applied to retaliation claims. Consequently, the defendants argue that plaintiff has defeated her claim for retaliation by contending two separate, discrete and distinctive conducts from her that caused the retaliation suffered by her. (Docket No. 133, p. 3). In her Response to the Motion for Summary Judgment (Docket No. 141) plaintiff alleged that such interpretation was a misconstruction of the central holding in <u>Univ. of Tex. Sw. Med. Ctr. v. Nassar,</u> 133 S. Ct. 2517 (Docket No. 141, p. 14); since the plaintiff does not need to prove that engaging in the protected activity was the sole factor motivating the adverse employment action, "but that 'but for' the protected activity she would not have faced adverse employment action." (Docket No. 141, p. 16). Plaintiff also makes

CIVIL 11-1072 (PAD)                          4

a claim that even though defendants might provide a basis for "the rationale behind the treatment [...] when the facts support plausible but conflicting inferences on a pivotal issue in the case" a motion for summary judgment cannot be granted.  (Docket No. 141, p. 16).

Having considered the statements of the parties and their argument, I recommend that the motion for summary judgment be granted and that the court enter the following

## II.  FINDINGS OF FACT

1.  Plaintiff Wilmary Santos-Santos started working for the Puerto Rico Police Department on February 1, 1994.  (Docket No. 26, p. 30, ¶134; Docket No. 69, p. 16, ¶134-135).

2.  On January 15, 2008 she co-signed a complaint  issued by agent Sofía Figueroa Rossy against Sergeant Simara Torres on grounds of sexual harassment. (Docket No. 127, p. 5), upon which she started receiving hostile treatment and negative attitudes from Simara Torres and co-defendants Reynaldo Torres Centeno, Gustavo Collazo and Miguel Santiago.  (Docket No. 127, p. 6).

3.  In 2009 she began working for the Strike Force Division in the Caguas precinct.  (Docket No. 1, pp. 7-8, ¶16).  That same year, defendant Lt. Torres Centeno recommended her for a promotion to the rank of Sergeant.  (Docket No. 141, p. 5).

CIVIL 11-1072 (PAD)                    5

4. In March 2010 fellow coworkers, agents María Mercedes Figueroa and Andy Acevedo, wrote memos complaining against comments made by plaintiff to agent Acevedo's common-law wife, agent and coworker Sofía Figueroa regarding a supposed affair between the two of them. (Docket No. 134, p. 13, ¶41 and 43, pp. 16-17, ¶ 55-56). Defendants claim that said comments caused a disruption among the relationship between the members of the team (Docket No. 134, p. 12, ¶39), including concerns about their safety since they were all police officers and therefore armed. (Docket No. 134, pp. 14 and 21, ¶ 46 and 72).

5. Lt. Reynaldo Torres Centeno, director of the Caguas Strike Force, drafted a memo addressed to Lt. Col. Gregorio Merced, director of the Caguas area, asking him to investigate. (Docket No. 134, p. 20, ¶ 69). Lt. Col. Merced interviewed various agents  and determined that due to the disruption caused, the safest alternative was to transfer plaintiff back to the C.I.C. from where she had been brought. (Docket No. 134, pp. 20-21, ¶ 70-72).

6. In April 2010, plaintiff filed a complaint to Lt. Col. Merced, against co-defendant Lt. Torres Centeno, regarding his and other officers' illegal use of official vehicles for personal matters and other illegal activities. (Docket No. 141, p. 2 and Docket 142; pp. 7, 11; ¶ 49, 77).

7. On May 2, 2010 plaintiff had been assigned to the front desk and was excluded from a Strike Force meeting and an operative action coordinated by Lt.

CIVIL 11-1072 (PAD)                    6

Torres.  (Docket No. 141, p. 7).  Defendants claim that she had never been chosen nor assigned to the operation, and had merely participated in related activities beforehand.  (Docket No. 134, pp. 7-9, ¶18-26).

8.  On May 14, 2010 Lt. Col. Gregorio Merced and Lt. Reynaldo Torres Centeno signed an order transferring plaintiff back to the C.I.C.  (Docket No. 134, p. 20, ¶67 and Docket No. 141, p. 7).

9.  Plaintiff filed a complaint against her transfer claiming that upon joining the Strike Force, the group was informed that if any member was to be removed they would be returned to the division they originally came from.  In plaintiff's case this was the Special Arrests Division, and not the Property Division she had now been assigned to.  (Docket No. 69, p. 14, ¶ 116).  Defendants note that the Special Arrests Division had no need for extra personnel (Docket No. 134, p. 30, ¶113), contrary to the needs of the Property Division (Docket No. 134, p. 29, ¶111).

10.  Upon joining the Property Division, plaintiff requested to be assigned to the night shift, with the understanding that she would have weekends off. (Docket No. 141, p. 8).  However, changes to her schedule led to her having to work during some weekends.  Plaintiff claims that she was the only officer whose schedule was altered in such a way, contrary to the pre-existing arrangement (Docket No. 141, p. 10), while defendants claim that there is no law or regulation

CIVIL 11-1072 (PAD)                    7

of the Puerto Rico Police Department that recognizes the right to have weekends off if an officer works the night shift.  (Docket No. 134, pp. 31-32, ¶ 121).

11. Following her official complaint and the press reports covering it, plaintiff claims that she has continued to suffer from various incidents of retaliation. (Docket No. 141, p. 12).

### III.  SUMMARY JUDGMENT STANDARD

A summary judgment can only be granted "if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Gerald [v. University of Puerto Rico], 707 F.3d [7], at 16 [(1st Cir. 2013)."  Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014).  To properly defeat a motion for summary judgment "[o]nce a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment.  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.  See Suárez v. Pueblo Int'l., Inc., 229 F.3d 49, 53 (1st Cir. 2000)."  Maisonet v. Genett Grp., Inc., 863 F. Supp. 2d 138, 141-42 (D.P.R.  2012).  "'[C]onclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly

CIVIL 11-1072 (PAD)                    8

probative' will not suffice to ward off a properly supported summary judgment motion.  Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001)."  Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013); see Rivera v. Puerto Rico Elec. Power Authority, 4 F. Supp. 3d 342, 348 (D.P.R. 2014).

   With this as background, and the above proposed Findings of Fact, I recommend that the court enter the following

IV. CONCLUSIONS OF LAW

   1.  Following the Court's partial granting of defendants' motion for summary judgment, the only surviving claims are under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.,  and P.R. Act No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194a(a).  In Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 24 (1st Cir. 2014) the Court stated regarding retaliation claims:

> Title VII bars employers from retaliating against an applicant or employee because she 'has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'  42 U.S.C. § 20003-3(a).  To establish a prima facie case of retaliation, a plaintiff must show (1) she engaged in protected conduct; (2) she suffered an adverse employment action; and (3) that a 'causal nexus exists between the protected [conduct] and the adverse action."  Ponte v. Steelcase Inc., 741 F.3d 310, 321 (1st Cir. 2014); id. (noting that plaintiff must prove but-for causation (citing Univ. of Tex. Sw. Med. Ctr. v. Nassar,

CIVIL 11-1072 (PAD)                    9

___U.S.___, 133 S. Ct. 2517, 2534 . . .)).

Regarding claims under Law 115 of Puerto Rico, the Court has stated that:

> Law 115 prohibits employers from discriminating against employees for 'offer[ing] or attempt[ing] to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico.' Uphoff Figueroa v. Alejandro, 597 F.3d 423, 432-33 (2010) (quoting 29 L.P.R.A. § 194a(a)).  To state a viable claim under Law 115, '[e]mployees must establish they engaged in activity protected under Law 115 and then suffered discrimination at work.' Id. (citing Vélez v. Janssen Ortho, LLC, 467 F.3d 802, 809 (1st Cir. 2006))."

Pabón-Ramírez v. MMM Health Care, 2013 WL 1797041 (D.P.R. Apr. 29, 2013).

2. In the case of Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, the Supreme Court stated that "Title VII retaliation claims must be proved according to traditional principles of but-for causation [...] This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Id. at 2533; see Moreta v. First Transit of PR, Inc., ___F. Supp.2d___, 2014 WL 3378672 at *5 (D.P.R. July 9, 2014).  According to defendants, plaintiff defeated her Title VII claim by "articulat[ing] with the same force and strength two different causes, one protected under Title VII and one which is not, as the causes of the same alleged retaliatory action she experienced." (Docket No. 133, p. 11).  It is the defendants' view that by arguing two reasons behind the retaliatory actions  suffered, plaintiff is failing to meet the but-for cause standard required, particularly when one (her participation in the complaint against

CIVIL 11-1072 (PAD)                    10

Sgt. Simara Torres) is covered by Title VII, while the other  (the denunciation of Lt. Reynaldo Torres's illegal activities regarding police property) is not.  (Docket No. 133, pp. 9-10).

However this Court stated in Fontanillas-Lopez v. Morel Bauza Cartagena & Dapena LLC, 995 F. Supp. 2d 21, 51 (D.P.R. 2014) that:

> [P]rotected conduct under Title VII's anti-retaliation provision is not limited to filing an administrative charge of discrimination.  It expressly prohibits retaliation for 'oppos[ing] any practice made an unlawful practice by Title VII.' Petrarca v. Southern Union Co., No. 04-310S, 2007 WL 547690 at 12 (D.R.I. 2007) (citing 42 U.S.C. § 2000e-3(a)).  See also Pérez-Cordero v. Wal-Mart Puerto Rico, Inc., 656 F.3d 19, 31 (1st Cir. 2011). [...] 'The law protects employees in the filing of formal charges of discrimination as well as in the making of informal protests of discrimination, 'including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or society in general, and expressing support of co-workers who have filed formal charges.' [Matima v. Celli, 228 F.3d 68, 78-79 (2d Cir. 2000)].

3. Regardless of whether or not plaintiff's accusations made against Lt. Reynaldo Torres are protected under Title VII retaliation claims, following the decision in Univ. of Tex. Sw. Med. Ctr. v. Nassar, supra, the First Circuit found that "[r]etaliatory termination claims based on circumstantial evidence are evaluated using the McDonnell Douglas burden-shifting framework.  Gerald [v. University of Puerto Rico, 707 F.3d 7, 24 (1st Cir. 2013)].  To make a prima facie showing of retaliation, the plaintiff must show that she engaged in protected conduct, that she suffered an adverse employment action, and that a causal nexus exists between

CIVIL 11-1072 (PAD)                    11

the protected activity and the adverse action.  Id." Ponte v. Steelcase Inc., 741 F.3d 310, 321 (1st Cir. 2014); see Ramirez-Rodriguez v. Boehringer Ingelheim Pharmaceuticals Inc., 425 F.3d 67, 84 (1st Cir. 2005); see Moreta v. First Transit of PR, Inc., ____F. Supp.2d___, 2014 WL 3378672 at *6; Serrano v. Donahue, 2014 WL 4924434 at *12 (D.P.R. September 30, 2014).

    4. In view of the framework established in McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973) "the plaintiff must first establish a *prima facie* case of discrimination.  Johnson [v. University of Puerto Rico, 714 F.3d 48, 53 (1st Cir. 2013)].  If [s]he succeeds, an inference of discrimination arises, and the burden of production shifts to the defendant to produce evidence that the challenged employment action was taken for a legitimate, non-discriminatory reason.  Id. at 53-54.  If the employer supplies such evidence, the plaintiff is left with the burden to prove 'by preponderance of the evidence that the employer's proffered reason is pretextual and that the actual reason for the adverse employment action is discriminatory.'  Id. at 54." Ahmed v. Johnson, 752 F.3d 490, 495-96 (1st Cir. 2014); see Roman v. Potter, 604 F.3d 34, 39 (1st Cir. 2010).

    5. A plaintiff has to prove via preponderance of evidence that the reason is a pretext, which "can be shown by such weaknesses, implausabilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find

CIVIL 11-1072 (PAD)                    12

them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.' <u>Gómez-González [v. Rural Opportunites, Inc.</u>, 626 F.3d 654, 662-663 (1st Cir. 2010)]." <u>Adamson v. Walgreens Co.</u>, 750 F.3d 73, 79 (1st Cir. 2014).

6. Plaintiff "must offer 'some minimally sufficient evidence, direct or indirect, both of pretext and of [...] discriminatory animus.' <u>Acevedo-Parrilla v. Novartis Ex-Lax, Inc.</u>, 696 F.3d 128, 140 (1st Cir. 2012). '[M]ere questions regarding the employer's business judgment are insufficient to raise a triable issue as to pretext.' Id." <u>Pearson v. Massachussetts Bay Transp. Auth.</u>, 723 F.3d 36, 40,41 (1st Cir. 2013). As <u>Univ. of Tex. Sw. Med. Ctr. v. Nassar</u>, *supra* at 2533, states "Title VII retaliation claims... require[] proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer". <u>See also Fontanillas-Lopez v. Morel Bauza Cartagena & Dapena LLC</u>, 995 F. Supp. 2d at 51. The less stringent standard of plaintiff's having to prove a motivating factor has been discarded.

7. In the present case, defendants claim that comments made by plaintiff had caused an uncomfortable environment within the Strike Force, and that in order to prevent any further disruption it was decided to transfer her. (Docket 133, p. 15). They alleged that the transfer was not a demotion; she was not fired and her salary had not been reduced. (Docket No. 133, p. 19). Accordingly,

CIVIL 11-1072 (PAD)                    13

defendants have made a sufficient prima facie showing of legitimate reasons for transferring plaintiff, which would defeat not only her Title VII but her Law 115 claims as well. "In order to establish a *prima facie* case under Law 115, a plaintiff-employee must establish that he or she '(a) participated in an activity protected by [P.R. Laws Ann. tit 29,]§§ 194 et seq. and (b) was subsequently discharged.' Lupu v. Wyndham El Conquistador Resort and Golden Door Spa, 524 F.3d 312, 313 (1st Cir. 2008); Uphoff Figueroa v. Alejandro, 597 F. 3d 423 (1st Cir. 2010)." Miranda v. Deloitte LLP, 922 F. Supp. 2d 210, 224 (D.P.R. 2013).  "A showing of protected activity closely followed by an adverse action is indirect proof of a causal connection between the employment action and the protected activity. . .  Plaintiff can present other sources of circumstantial evidence that can substantiate a retaliation claim. . .." Farb v. Pérez-Riera, 957 F. Supp. 2d 129, 142 (D.P.R. 2013).

   8. In order to properly defeat defendants' reasons for the supposed retaliatory actions taken against her, plaintiff had to provide the necessary evidence to demonstrate that such actions  were pretext , beyond a mere response to their allegations.  See Pearson v. Massachusetts Bay Transp. Auth., 723 F.3d 36, 40-41 (1st Cir. 2013); Acevedo-Parrilla v. Novartis Ex-Lax, Inc., 696 F.3d 128, 140 (1st Cir. 2012).  Plaintiff has not been able to show that defendants' actions against her involve discriminatory work practices nor that the reasons behind them

CIVIL 11-1072 (PAD)                    14

were mere pretext.  Plaintiff has not been fired nor been demoted and her salary

has suffered no adverse change.   Any business decision made regarding her

employment has been legitimately explained by defendants, and no proof has been

provided that an action that goes against any existing statute or regulation has

been taken.   There is neither a scintilla nor an inkling of information regarding

pretext in the reasoning.

V. CONCLUSION

        In view of the above, I recommend that defendant's second motion for

summary judgment (Docket No. 133) be granted, that the court enter an order

dismissing the complaint.[1]

        Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any

party who objects to this report and recommendation must file a written objection

thereto with the Clerk of this Court within fourteen (14) days of the party's receipt

of this report and recommendation.   The written objections must specifically

identify the portion of the recommendation, or report to which objection is made

and the basis for such objections.   Failure to comply with this rule precludes

further appellate review.   See Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466

_____

        [1]Marielia Isla Torres, a third-year student at University of Puerto Rico
School of Law, provided substantial assistance in researching and preparing this
report and recommendation.

CIVIL 11-1072 (PAD)                    15

(1985); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1ˢᵗ Cir. 2010); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Wallace v. State of New Hampshire</u>, 2010 WL 520904 at *2 (D. N. H. Feb. 9, 2010).

     In San Juan, Puerto Rico this 24 day of October, 2014.

S/JUSTO ARENAS

United States Magistrate Judge