IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILMARY SANTOS-SANTOS,

    Plaintiff,

        v.                          CIVIL NO. 11-1072 (PAD)

PUERTO RICO POLICE
DEPARTMENT, et al.

    Defendants.

### MEMORANDUM AND ORDER

Before the Court is defendants' "Motion for Summary Judgment and Memorandum of Law in Support Thereof" (Docket No. 133), with a Report and Recommendation ("R&R") from Magistrate Judge Justo Arenas recommending that the motion be granted and the case dismissed (Docket No. 153). For the reasons explained below, the Court adopts the R&R, grants the motion and dismisses the complaint with prejudice.

### I. BACKGROUND

Plaintiff Wilmary Santos-Santos, a policewoman, initiated this action against defendants Reynaldo Torres-Centeno (Director of the Caguas Strike Force of the Police of Puerto Rico ("PRPD"), Gregorio Merced-Vázquez (Director of the PRPD in the Caguas Region), William Ruiz-Borrás (Commander of the Caguas Criminal Investigation Corps Division), Miguel A. Santiago-Rivera (Director of the Caguas Criminal Investigation Corps), the Commonwealth of Puerto Rico and the PRPD, asserting (i) to have been discriminated and retaliated against under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 2000e-3(1); (ii) violations under 42 U.S.C. § 1983 and the Whistleblower Protection Act of 1989; (iii)

conspiracy claims under 42 U.S.C. §§ 1985, 1988; and (iv) supplemental state claims (Docket No. 1 at pp. 1-2).

Defendants answered the complaint denying liability (Docket No. 11), and moved for summary judgment (Docket No. 25). Defendants' request was partially granted (Docket No. 58), leaving only the Title VII and Puerto Rico Act 115 claims. Subsequently, the Title VII claims brought against defendants Merced-Vázquez, Torres-Centeno, Ruiz-Borrás and Santiago Rivera in their personal capacities, and the Law 115 claims against Ruiz-Borrás were dismissed as well (Docket No. 83).

On June 24, 2013, the Supreme Court decided University of Texas Southwestern Medical Center v. Nassar, 570 US. - -, 133 S.Ct. 2517, 186 L.Ed. 2d 503 (2013). Based on this new authority, defendants filed a Motion for Judgment on the Pleadings (Docket No. 130). The Court denied without prejudice defendants' motion given the First Circuit's holding in Grajales v. Puerto Rico Ports of Authority, 682 F.3d 40, 46 (1st Cir. 2012), that "...once the parties have invested substantial resources in discovery," a district court should hesitate to entertain a Rule 12(c) motion focused on a complaint's failure to satisfy the plausibility requirement. Defendants, however, were authorized to file a second motion for summary judgment addressing the merits of plaintiff's remaining claims in light of Nassar, which they did (Docket No. 130).

The Court referred the motion to Magistrate Judge Justo Arenas for a Report and Recommendation. On October 24, 2014, the magistrate judge recommended that defendants' motion be granted and the case dismissed accordingly. The R&R included a warning that failure to file specific objections within fourteen days would constitute a waiver of the right to appellate review (Docket No. 153 at pp. 14-15). No objection has been filed.

Wilmary Santos-Santos v. Puerto Rico Police Department, *et al.*
Civil No. 11-1072 (PAD)
Memorandum and Order
Page 3

## II. DISCUSSION

A. Referral

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See, 28 U.S.C. § 636(b)(1).

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

"Absent objection, . . .[a] district court ha[s] a right to assume that [the affected party] agree[s] with the magistrate judge's recommendation." López-Mulero v. Vélez-Colón, 490 F.Supp.2d 214, 217-218 (D.P.R. 2007)(internal citations omitted). In reviewing an unopposed report and recommendation, the court "needs only [to] satisfy itself by ascertaining that there is no 'plain error' on the face of the record." López-Mulero, 490 F.Supp.2d at 218; see also, Toro-Méndez v. United States of America, 976 F.Supp.2d 79, 81 (D.P.R. 2013).

B. Recommendation

The magistrate judge recommended that defendants' motion for summary judgment be granted (Docket No. 153 at p. 14). After a thorough analysis of the applicable law, he concluded that (i) defendants made a sufficient *prima facie* showing of legitimate reasons for transferring

<u>Wilmary Santos-Santos</u> v. <u>Puerto Rico Police Department</u>, *et al.*
Civil No. 11-1072 (PAD)
Memorandum and Order
Page 4

plaintiff, which would defeat plaintiff's Title VII and Puerto Rico Law 115 claims;[1] (ii) plaintiff has not been able to show that defendants' action against her involve discriminatory work practices; (iii) she has not been fired nor demoted, and her salary has suffered no adverse change; (iv) any business decision made regarding plaintiff's employment has been legitimately explained by defendants; and (v) no proof was provided of actions undertaken in violation of any existing statute or regulation (Docket No. 153 at pp. 12-14).  The Magistrate Judge concluded that "[t]here is neither a scintilla nor an inkling of information regarding pretext..." <u>Id.</u> at p. 14.

The Court has made an independent examination of the entire record in this case and determines that the magistrate judge's findings are well supported in the record and the law.  For the same reason, it adopts the R&R in its entirety.

### III.    CONCLUSION

Accordingly, defendants' motion for summary judgment at Docket No. 133 is granted. Plaintiff's claims are dismissed with prejudice.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of November, 2014.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge

---

[1] In general, Puerto Rico Law 115 makes it unlawful for the employer to discharge, threaten or discriminate against an employee regarding terms, conditions, compensation, location, benefits or privileges of employment should the employee offer or attempt to offer any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico.  <u>See</u>, P.R. Laws Ann. tit. 29 § 194(a).  In <u>Feliciano-Martes</u> v. <u>Sheraton</u>, 182 D.P.R. 368, 395-396 (2011), the Puerto Rico Supreme Court interpreted this provision adopting the *prima facie* framework utilized to evaluate cases under Section 704(a) of Title VII of the Civil Rights Act.